No. 29,898.

In re Application for Review of Order, etc., of THE PUBLIC SERVICE COMMISSION, Made on Application of THE INTERSTATE TRANSIT LINES; THE PICKWICK GREYHOUND LINES, INC., *Appellant*, v. THE PUBLIC SERVICE COMMISSION OF THE STATE OF KANSAS, *Appellee*.

(295 Pac. 647.)

Opinion filed February 7, 1931.

*Paul H. Heinz, M. J. Healy, Allen Meyers*, all of Topeka, and *William J. Gilwee*, of Kansas City, Mo., for the appellant; *Ivan Bowen*, of Minneapolis, Minn., of counsel.

*Charles W. Steiger* and *E. H. Hatcher*, both of Topeka, for appellee The Public Service Commission.

*T. M. Lillard, Bruce Hurd* and *O. B. Eidson*, all of Topeka, for appellee The Interstate Transit Lines; *N. H. Loomis*, of Omaha, Neb., of counsel.

The opinion of the court was delivered by

MARSHALL, J.: In this action the Pickwick Greyhound Lines, Inc., and the Cardinal Company, each operating a line of busses under the authority of the public service commission, sought to set aside an order of that commission granting to the Interstate

Transit Lines, a corporation, authority to operate a line of busses through the state of Kansas from Kansas City, Mo., to the west line of this state. The Pickwick Greyhound Lines and the Cardinal Company, under section 3 of chapter 220 of the Laws of 1929, applied to the district court of Shawnee county for a review of the order granting to Interstate Transit Lines authority to operate a line of busses through the state. The hearing on that application was held in the district court on the evidence introduced before the commission. The district court sustained and affirmed the order of the commission, except in a particular not here necessary to state, from which order of affirmance the Pickwick Greyhound Lines appeals.

The order of the public service commission contained the following:

"The commission, having given due consideration to said application and the testimony introduced thereunder, and the briefs and arguments of the respective parties, and being fully advised in the premises, and having filed herein its memorandum opinion, which is made a part hereof, finds that public convenience will be promoted by the creation of the service hereinafter set forth and that a certificate should be issued to the Interstate Transit Lines, of Omaha, Neb., in accordance with the provisions of section 4, chapter 206, Laws of Kansas, 1925.

"Now, therefore, a certificate of public convenience and necessity is hereby issued to Interstate Transit Lines, of Omaha, Neb. (as per opinion), to operate as a motor carrier transporting persons for hire between fixed termini, and over a regular route, as follows, to wit: Between Missouri-Kansas State Line, at Kansas City, and the Kansas-Colorado State Line, near Weskan, through Kansas City, Tonganoxie, Lawrence, Topeka, Silver Lake, Rossville, St. Marys, Belvue, Wamego, St. George, Manhattan, Ogden, Fort Riley, Junction City, Chapman, Detroit, Abilene, Solomon, New Cambria, Salina, Bavaria, Brookville, Kanopolis, Ellsworth, Wilson, Dorrance, Homer, Russell, Balta, Gorham, Walker, Victoria, Toulon, Hays, Yocemento, Ellis, Riga, Ogallah, Wakeeney, Collyer, Quinter, Buffalo Park, Winona, McAllaster, Wallace, Sharon Springs and Weskan. All as more fully described in said application to be designated and known as route No. 373: *Provided, however,* That said grantee shall do no intrastate business in Kansas between Topeka, Kan., and Salina, Kan."

1. The Pickwick Greyhound Lines argue that "the opinion and order fails to contain the necessary findings required by statute" and that "the order and opinion grants a new certificate over the route of appellant, which is specifically prohibited by statute." This involves the interpretation of parts of section 4 and of section 8 of chapter 206 of the Laws of 1925. Part of section 4 reads:

"It is hereby declared unlawful for any motor carrier to operate or furnish service within this state without first having obtained from the public utilities commission a certificate declaring that public convenience and necessity will be promoted by such operation . . . If the public utilities commission shall find from the evidence that public convenience will be promoted by the creation of the service proposed, or any part thereof, as the commission shall determine, a certificate therefor shall be issued . . . In determining whether or not a certificate should be issued, the commission shall give reasonable consideration to the transportation service being furnished by any railroad, street railway or motor carrier, and shall give due consideration to the likelihood of the proposed service being permanent and continuous throughout twelve months of the year, and the effect which such proposed transportation service may have upon other forms of transportation service which are essential and indispensable to the communities to be affected by such proposed transportation service or that might be affected thereby . . ."

Part of section 8 reads:

"The public utilities commission in the exercise of the authority by this act vested in it to supervise and regulate all motor carriers shall promulgate and publish in the official state paper, and mail to each holder of a certificate of convenience hereunder, such safety rules and regulations as it may deem necessary to govern and control the operation of motor carriers over and along the public highways of this state and the equipment to be used. The commission may at any time, for good cause, suspend, and upon at least five days' notice to the grantee of any certificate, and an opportunity to be heard, revoke, alter or amend any certificate issued under the provisions of this act. On finding of the commission that any motor carrier does not give convenient, efficient and sufficient service in accordance with the order of such commission, such motor carrier shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate is canceled or revoked or a new one granted over the route mentioned in the finding and order of or hearing before the public utilities commission. . . ."

These two sections of the statute, being part of the same act, must be construed so that each will have its sphere of operation, if possible. Section 4 gives to the public service commission power to grant authority to motor carriers to operate bus lines whenever public convenience and necessity will be promoted. Section 8 gives to the public service commission power to supervise the motor carriers to whom it has granted certificates of convenience and necessity, and which may be operating thereunder, and in that supervision may exercise certain authority named in that section. The finding mentioned in section 8 concerns the character of service that is being rendered by a motor company after it has been granted a certificate of convenience and necessity. The finding required

by section 4 is one of convenience and necessity. The finding required by section 8 is that the motor carrier to whom a certificate has been given does not give service in accordance with the order of the commission. Section 4 refers to one thing; section 8 refers to another. They do not conflict with each other, and neither controls the other. Each is complete in itself. The public service commission made the finding required by section 4. The district court, under the law, was compelled to uphold that finding.

2. Appellant says that findings of the commission are not based upon the facts shown by the record. To support that proposition, the appellant in its brief says:

"There was no evidence that appellant was not giving convenient, efficient and sufficient service; hence the commission could not so find, and in fact did not. In order to find that public convenience would be promoted (by the creation of the proposed service) there should have been a finding that there then existed a lack of convenience and necessary service."

An examination of this argument discloses that the appellant is contending that section 8 of the public utilities act places limitations on the power of the public service commission acting under section 4 of that act. That proposition has been discussed. It has been shown that the two sections of the statute operate independently of each other. Outside of this the argument of the appellant discloses that it is contending that the evidence was not sufficient to support the finding of the commission. In its brief the appellant recites evidence that did support that finding. An examination of the abstract shows that this contention is without substantial merit.

The judgment is affirmed.